UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

TAMMY L. KELLY *as Power of Attorney*
*for* JOHN M. MOUDY,

             Plaintiffs,

     v.

SNAP-ON INCORPORATED, *et al.*,

             Defendants.

───────────────────────────────

21-CV-729-LJV
DECISION & ORDER

On February 16, 2021, the plaintiffs, Tammy L. Kelly and John M. Moudy, filed a complaint in New York State Supreme Court, Niagara County.  Docket Item 2-2.  They allege that Moudy sustained serious injuries when he was struck by a "van truck" operated by Nicholas J. Prohaska, who they allege was an agent of the defendants, Snap-on Incorporated and Snap-on Tools Company, LLC (collectively, the "Snap-on defendants").  *See id.*; *see also* Docket Item 21.  The Snap-on defendants then removed the case to this Court based on diversity of citizenship.  *See* Docket Item 2 at 2.

On August 31, 2021, the plaintiffs moved to join Prohaska as a defendant and, because doing so would destroy diversity and deprive this Court of subject matter jurisdiction, to remand the case to state court.  Docket Item 14.  That same day, the Snap-on defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  Docket Item 13.

After both motions were fully briefed, on July 14, 2022, this Court issued a decision and order denying the plaintiffs' motions without prejudice.  Docket Item 20.

The Court also found that the complaint was subject to dismissal but gave the plaintiffs leave to file an amended complaint correcting the deficiencies noted in that decision and order. *See id.*

About a month later, the plaintiffs filed an amended complaint, Docket Item 21, and they renewed their motions to join Prohaska as a defendant and to remand the case to state court, Docket Item 22.[1]  On September 23, 2022, the Snap-on defendants responded to the plaintiffs' renewed motions to join and remand, Docket Item 28, and they again moved to dismiss, Docket Item 27.  On October 14, 2022, the plaintiffs responded to the motion to dismiss, Docket Item 31, and on November 4, 2022, the Snap-on defendants replied in further support of the motion to dismiss, Docket Item 32. The plaintiffs did not separately reply in further support of their motions to join Prohaska as a defendant and to remand.

For the reasons that follow, the plaintiffs' motion to join Prohaska as a defendant is granted.  Because joining Prohaska as a defendant destroys complete diversity, the plaintiffs' motion to remand also is granted and the case is remanded to New York State Supreme Court, Niagara County.  The Court leaves the resolution of the Snap-on

---

[1] At first, the plaintiffs moved to join only Prohaska as a defendant, Docket Item 14; this Court denied that motion without prejudice but gave the plaintiffs leave to renew their motion to join Prohaska, Docket Item 20.  When they renewed their motion, however, the plaintiffs also asked to join Snap-on Credit, LLC ("Snap-on Credit"), as a defendant.  Docket Item 22.  On March 17, 2023, the New York State Supreme Court, Niagara County, granted Snap-on Credit's motion for summary judgment and dismissed the plaintiffs' claims against Snap-on Credit with prejudice.  *See Kelly v. Prohaska*, No. E167799/2019, Docket Item 59 (Sup. Ct. Niagara Cnty. Mar. 17, 2023).  Because joining Prohaska as a defendant deprives this Court of subject matter jurisdiction, and because the viability of the plaintiffs' claims against Snap-on Credit may be affected by the state court's decision, the Court leaves the plaintiffs' request to join Snap-on Credit as a defendant to the state court to address.

defendants' motion to dismiss the amended complaint, as well as the plaintiffs' request to join Snap-on Credit as a defendant, for the state court to address.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On March 26, 2018, Prohaska "crashed [a truck] into a motor vehicle driven by John M. Moudy, severely injuring him."  Docket Item 21 at ¶ 11.  Prohaska was driving a "mobile Snap-on truck" at the time, which included the Snap-on defendants' "logo and branding as well as [Prohaska's] name emblazoned on it."  *Id.* (capitalization removed). The truck that Prohaska was driving is "designed to carry and display products made by [the Snap-on defendants]," and Prohaska "was on the way to his first service call of the day to visit [the Snap-on defendants'] customers on [the Snap-on defendants'] 'List of Calls.'"  *Id.* at ¶¶ 11, 13.  The plaintiffs say that Prohaska "divert[ed] his attention from his driving duties" and negligently caused the car accident.  *Id.* at ¶ 23.

About a year later, Kelly and Moudy sued Prohaska and Snap-on Credit in New York State Supreme Court, Niagara County.  *See* Docket Item 14-5.  In the complaint in that case, the plaintiffs alleged that the 2018 accident was caused by Prohaska's negligent conduct and that Snap-on Credit, as owner of the vehicle and as Prohaska's employer, was liable for his negligence.  *See id.*

Nearly two years after filing that complaint, Kelly and Moudy commenced a second action—the case at bar against the Snap-on defendants—in the same court.

---

[2] The following facts are taken from the amended complaint, Docket Item 21, and the procedural history of the case.  When deciding a motion to join a defendant under Federal Rule of Civil Procedure 20(a), a court "must accept the factual allegations in [the] complaint as true."  *2386 Hempstead, Inc. v. WFG Nat'l Title Ins. Co.*, 2023 WL 2822553, at *4 (S.D.N.Y. Apr. 7, 2023).

Docket Item 2-2.  In the original complaint in this case, the plaintiffs alleged that at the time of the collision, Prohaska was driving the vehicle as "an agent, servant[,] and/or employee" of at least one of the Snap-on defendants.  *See id*. at ¶¶ 9-10.  They alleged that the 2018 accident "was caused as a result of the negligent, careless, reckless[,] and unlawful conduct on the part of the [Snap-on] defendants," including their "fail[ure] . . . to properly train [their] agents," their "fail[ure] . . . to properly and adequately screen persons with access to or authorization to use Snap-on vehicles," and their "negligent[] ret[ention of] Nicholas J. Prohaska."  *Id*. at ¶ 10.  And they alleged that the Snap-on defendants also were "liable for the actions of Nicholas J. Prohaska based on [the] theory of respondeat superior."  *Id.* at ¶ 12.

According to the plaintiffs, they "commenced [those] two separate but related actions . . . with the intent to consolidate [them] in New York [State] Supreme Court, Niagara County."  Docket Item 22-1 at 2.  But before the plaintiffs could move to consolidate the first and second cases in state court, the Snap-on defendants—both foreign companies organized outside New York State with principal places of business in Wisconsin—removed the second case to this Court.  *See* Docket Item 2.

So to accomplish their goal, the plaintiffs then moved to join Prohaska as a defendant and, because joining Prohaska would defeat diversity, to remand the case for lack of subject matter jurisdiction.[3]  Docket Item 14.  That same day, the Snap-on defendants moved to dismiss the complaint.  Docket Item 13.  And after this Court

---

[3] The plaintiffs and Prohaska are all citizens of New York, so joining Prohaska as a defendant would destroy complete diversity.  *See* Docket Item 21 at ¶¶ 2-3, 10.  And the parties do not dispute that diversity of citizenship is the only possible basis for this Court's subject matter jurisdiction.

denied the plaintiffs' motions without prejudice and found that the Snap-on defendants'

motion to dismiss would be granted if the plaintiffs did not amend their complaint,

Docket Item 20, the plaintiffs filed an amended complaint, Docket Item 21, and both

sides renewed their respective motions, Docket Items 22 and 27.

## **LEGAL PRINCIPLES**

"If after removal the plaintiff seeks to join additional defendants whose joinder

would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder

and remand the action to the State court."  28 U.S.C. § 1447(e).  "To decide whether to

permit diversity-destroying joinder, courts in this [C]ircuit generally apply a two-part

test."  *Barber v. Somal Logistics Ltd.*, 2021 WL 2159646, at *2 (W.D.N.Y. May 27,

2021).  "First, the court must determine whether joinder is permissible under Rule

20(a)(2); then, if so, the court must conduct a 'fundamental fairness' analysis to

determine whether the balancing of certain factors 'weighs in favor of joinder and its

necessarily attendant remand.'"  *Id.* (quoting *Balfour v. Quest Diagnostics Inc.*, 2012 WL

335666, at *1 (S.D.N.Y. Feb. 1, 2012)).

Under Rule 20(a)(2), multiple defendants "may be joined in one action" if "(A) any

right to relief is asserted against them jointly, severally, or in the alternative with respect

to or arising out of the same transaction, occurrence, or series of transactions or

occurrences" and "(B) any question of law or fact common to all defendants will arise in

the action."  Fed. R. Civ. P. 20(a)(2).  If joinder is permissible under Rule 20(a)(2), the

court then considers "whether joinder that will lead to [] remand to state court comports

with principles of fundamental fairness."  *Abraham Nat. Foods Corp. v. Mount Vernon

Fire Ins. Co.*, 576 F. Supp. 2d 421, 424-25 (E.D.N.Y. 2008).  Under that analysis, the

court evaluates: "(1) any delay, as well as the reason for delay, in seeking joinder; (2) [the] resulting prejudice to [the] defendant; (3) [the] likelihood of multiple litigation; and (4) [the] plaintiff's motivation for the amendment." *Hudson EFT, LLC v. Westchester Surplus Lines Ins. Co.*, 2020 WL 6712203, at *3 (S.D.N.Y. Nov. 16, 2020).

## DISCUSSION

### I.    FAILURE TO INCLUDE AN AFFIDAVIT

As an initial matter, the Snap-on defendants argue that the plaintiffs' "failure to submit an affidavit or declaration in support of their motion as required under Local Rule 7 is fatal to their motion." Docket Item 28 at 16 (capitalization removed). Western District of New York Local Rule of Civil Procedure 7(a)(3) provides that, except for certain motions brought under Rule 12, "motions and opposition to motions shall be supported by at least one [] affidavit, declaration[,] or affirmation." Loc. R. Civ. P. 7(a)(3). Local Rule 7(a)(3) further provides that a party's "[f]ailure to comply with this requirement *may* constitute grounds for resolving the motion against the non-complying party." *Id.* (emphasis added).

So while Local Rule 7(a)(3) generally requires a moving party to support a motion with at least one supporting affidavit or declaration, that rule also makes clear that the court need not deny a motion when the moving party fails to do so. And "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). Indeed, this Court extended similar leniency to the Snap-on defendants earlier in this case. *See* Docket Item 20 at 2 n.1 (accepting the Snap-on defendants' late filings over the plaintiffs' objections). In light of that discretion, and because the Snap-on

defendants do not explain how the plaintiffs' failure to include an affidavit with their motions to amend and remand is in any way prejudicial, the Court excuses the plaintiffs' noncompliance with Local Rule 7(a)(3) here.[4]

## II.    JOINDER OF A NON-DIVERSE DEFENDANT

With those preliminary procedural issues addressed, the Court turns to the substance of the plaintiffs' motion to join Prohaska as a defendant.  For the reasons that follow, the plaintiffs' motion satisfies the two-part test for permissive joinder of a non-diverse defendant.

### A.    Rule 20(a)

First, Prohaska can be joined as a defendant under Rule 20(a).  Clearly, the plaintiffs' claims against Prohaska and the Snap-on defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2)(A)—namely, the 2018 accident.  *See* Docket Item 21.  And the plaintiffs assert that the "[t]he crash was caused by [the Snap-on defendants], Snap-on Credit, [] and Nicholas Prohaska, jointly and severally."[5]  Docket Item 21 at ¶ 33 (capitalization

---

[4] The Snap-on defendants also suggest that the plaintiffs' failure to provide a supporting affidavit and their failure to verify their amended complaint means that this Court cannot accept the allegations in that amended complaint as true.  Docket Item 28 at 18.  But Federal Rule of Civil Procedure 11(a) provides that, in federal court, "a pleading need not be verified or accompanied by an affidavit" unless a "rule or statute specifically states otherwise."  Fed. R. Civ. P. 11(a).  So the plaintiffs' failure to file an affidavit or verify their amended complaint does not affect whether their allegations are accepted as true for either a motion for permissive joinder or a motion to dismiss.

[5] The plaintiffs' amended complaint is not a model of clarity as to which claims are asserted against which defendants, or even what those claims are.  Moreover, the plaintiffs did not list Prohaska as a defendant in either the caption or the "parties" section of the amended complaint, *see* Docket Item 21; nor did they submit a proposed amended complaint alongside their motion to join Prohaska that includes Prohaska in

removed). So the plaintiffs' claims will involve common questions of law and fact regarding the 2018 accident and Prohaska's and the Snap-on defendants' respective liability for injuries caused by that accident. *McGrath v. Indus. Waste Techs.*, 2021 WL 791537, at *6 (S.D.N.Y. Feb. 26, 2021) (finding that a plaintiff's claims against an individual driver and corporate defendant "necessarily involve[] questions of law and fact common to all defendants, including the apportionment of fault and liability").

The Snap-on defendants assert that Rule 20(a) is not satisfied here because "[t]he allegations against the Snap-on [d]efendants are not common to the allegations against Prohaska" and different legal standards will govern the claims against Prohaska and the Snap-on defendants. *See* Docket Item 28 at 11-15. But Rule 20(a) does not require that a plaintiff's claims against a proposed defendant be perfectly coextensive with the plaintiffs' claims against an existing defendant. *See Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 827 (S.D.N.Y. 2008) ("There is no requirement[] that all questions of law and fact be identical in order for there to be permissive joinder under Rule 20(a)."). Instead, the Federal Rules of Civil Procedure

---

the caption or the "parties" section, *see* Docket Item 22-3 (attaching the amended complaint). Nevertheless, it is clear from the plaintiffs' motion to join, and from the substance of their amended complaint, that they seek to pursue claims against Prohaska. *See, e.g.*, *id.* at ¶¶ 32 (alleging that "[t]he crash was caused by the negligent operation of the Snap-on truck by Nicholas Prohaska" (capitalization removed)); 33 (asserting that the Snap-on defendants, Snap-on Credit, and Prohaska are "jointly and severally" liable for the accident). And while the Snap-on defendants note that Prohaska is "not listed in the caption," they also acknowledge that the amended complaint "contains allegations against Prohaska." Docket Item 28 at 4. Although attaching a proposed amended complaint that named Prohaska in the caption and explicitly alleging separate claims against him would have been helpful in deciding the plaintiffs' motions, the plaintiffs' failure to do so does not itself warrant denying their motions. *See Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) ("We will [] excuse technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party.").

generally encourage "the broadest possible scope of action consistent with fairness to the parties."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("[J]oinder of claims, parties[,] and remedies is strongly encouraged.").  And courts in this Circuit routinely find that Rule 20(a) is satisfied when a plaintiff seeks to hold an individual and corporate defendant liable for a car accident.  *See, e.g.*, *Jerido v. Uber Techs., Inc.*, 2022 WL 17986179, at *4 (S.D.N.Y. Dec. 29, 2022); *Barber*, 2021 WL 2159646, at *3; *see also McGrath,* 2021 WL 791537, at *6 ("Courts in this District have previously held that allegations of a common underlying accident can satisfy the requirements of Rule 20(a)(2).").

Finally, the Snap-on defendants maintain that in deciding whether to allow joinder of a defendant under Rule 20(a), a court must first decide whether to permit an amended pleading and therefore "apply the pleading requirements of [Rule] 15"; for that reason, they say that this Court must decide whether the plaintiffs' proposed claims against Prohaska could withstand a motion to dismiss under Rule 12(b)(6).  *See* Docket Item 28 at 8-10.  Although some courts have evaluated a motion to join a defendant under Rule 20(a) using the standard that applies to a motion to amend under Rule 15 (and, in turn, a motion to dismiss under Rule 12(b)(6)), *see, e.g.*, *McGrath*, 2021 WL 791537, at *8-10, it is far from clear that a court *must* do so, *see Leifer v. JPMorgan Chase Bank, N.A.*, 2020 WL 1130727, at *3 (S.D.N.Y. Mar. 9, 2020) ("[I]t is not entirely clear that futility is part of the analysis for permissive joinder under Rule 20(a).").  In fact, courts in this Circuit have granted motions to join nondiverse defendants and remanded cases without considering whether the proposed claims against the new defendant could withstand a motion to dismiss.  *See Jerido*, 2022 WL 17986179, at *3-8; *Corona*

9

*Grp., LLC v. Park*, 2022 WL 16838191, at *4-5 (S.D.N.Y. Nov. 9, 2022).  In light of that, and because this Court already gave the plaintiffs leave to amend their complaint in its prior order, the Court evaluates the plaintiffs' motion using only the two-part test outlined above.[6]

## B.    Fundamental Fairness

Because joining Prohaska is permissible under Rule 20(a), the Court turns to whether doing so would comport with fundamental fairness.  As mentioned above, that analysis requires a court to evaluate "(1) any delay, as well as the reason for delay, in seeking joinder; (2) [the] resulting prejudice to [the] defendant; (3) [the] likelihood of

---

[6] Indeed, because this Court already gave the plaintiffs leave to amend, it is unclear why this Court should again ask whether amendment is permissible under Rule 15(a) when evaluating whether joinder is permissible under Rule 20(a).  And once Prohaska is joined as a defendant, this Court lacks subject matter jurisdiction and must remand the case under 28 U.S.C. § 1447(e).  So joining Prohaska and then proceeding to evaluate the merits of the plaintiffs' claims makes little sense, especially when those claims will be evaluated under a separate pleading standard after remand.  *See, e.g.*, *Williams v. Citigroup Inc.*, 659 F.3d 208, 215 n.4 (2d Cir. 2011) (per curiam) (noting that the pleading standard in New York State court "is more lenient than the 'plausibility' standard applicable in federal courts").

In any event, the plaintiffs allege that Prohaska negligently caused the accident because, among other things, he was "operating the Snap-on truck on March 26, 2018[,] . . . while diverting his attention from his driving duties."  Docket Item 21 at ¶ 23 (capitalization removed).  To allege a negligence claim under New York State law, a plaintiff must allege "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach."  *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002).  And "New York law imposes a duty upon drivers to operate their vehicles with reasonable care," which includes "keep[ing] a proper lookout under the circumstances then existing to see and be aware of what [is] in their view."  *Vaselli v. United States*, 2014 WL 4961421, at *5 (E.D.N.Y. Oct. 3, 2014) (alterations, citation, and internal quotation marks omitted).  So even if this Court were to conduct a separate analysis under Rule 15 in deciding whether Prohaska can be joined under Rule 20(a), the plaintiffs' claims likely would survive.

multiple litigation; and (4) [the] plaintiff's motivation for the amendment." *Hudson EFT*, 2020 WL 6712203, at *3. All four of those factors weigh in favor of joining Prohaska.

First, any delay in moving to join Prohaska does not weigh against the plaintiffs. Although the Snap-on defendants criticize the plaintiffs' general delay in bringing this case against them, *see* Docket Item 28 at 19, they do not separately address whether the plaintiffs unjustifiably delayed seeking to join Prohaska as a defendant after the case was removed to this Court. *See Jerido*, 2022 WL 17986179, at *5 ("[D]elay [in seeking joinder] is measured from the date of removal, not the day upon which the case was initiated."). And the two-month gap between the Snap-on defendants' removing the case to this Court and the plaintiffs' moving to join Prohaska as a defendant is not significant, especially given the agreement, shortly after the case was removed, to extend the plaintiffs' time to move to remand. *See* Docket Item 10 (stipulation extending time); *see also Balfour*, 2012 WL 335666, at *3 (finding two months between removal and motion to join defendant not an unjustifiable delay); *cf. Corona Grp.*, 2022 WL 16838191, at *4 ("Waiting six months or longer after the date of removal to move for joinder of a nondiverse defendant generally weighs against joinder, particularly where there is no explanation given for the delay.").

The Court likewise finds that any prejudice to the Snap-on defendants does not weigh against joining Prohaska here. As an initial matter, the Snap-on defendants do not explicitly address whether joining Prohaska now would unduly prejudice them; instead, the Snap-on defendants largely argue that the plaintiffs unjustifiably delayed bringing this case against them in the first instance. *See* Docket Item 28 at 21-22. True

or not, that does not address the fundamental fairness factors listed above.[7]  And joining Prohaska will not otherwise prejudice the Snap-on defendants:  This case remains in its earliest stages, which mitigates any prejudice resulting from this Court's remanding the case.  *See Durstenberg v. Electrolux Home Prods., Inc.*, 2016 WL 750933, at *2 (S.D.N.Y. Feb. 23, 2016) (finding no prejudice where "[t]his case is in its initial stages; there has not even been any discovery").

Denying the plaintiffs' motion also would risk multiple litigation in federal and state court.  While it is not guaranteed that the plaintiffs will successfully consolidate this case with the first action after remand, it is certain that the two cases could not be consolidated if this case remained in this Court.  The third factor therefore also favors granting the plaintiffs' motion for joinder.[8]  *See Barber*, 2021 WL 2159646, at *4 ("[W]ithout joinder, two trials and two outcomes are guaranteed.").

Finally, the plaintiffs' motivation in joining Prohaska does not weigh against denying their motion.  Generally, "unless a plaintiff seeks to add a non-diverse party *solely* to destroy the court's basis for diversity jurisdiction, the court is required if the other factors are met to remand the action to state court."  *Balfour*, 2012 WL 335666, at *2 (alterations omitted) (emphasis in original).  The plaintiffs say that their intention all along was to consolidate this case with the first action and that their motivation for

---

[7] The Snap-on defendants also argue that the plaintiffs "have merely alleged labels and conclusions."  Docket Item 28 at 22.  But that argument goes to the viability of the case in general, not whether joining Prohaska now would be prejudicial.

[8] To be sure, "any risk of multiple litigation could have been eliminated by joining all defendants in the initial action," or perhaps by moving to join the Snap-on defendants in the first state court action rather than by filing a separate case.  *See Jerido*, 2022 WL 17986179, at *6 (alterations omitted).  While that might reduce the weight placed on this factor, *see id.*, the factor still weighs in the plaintiffs' favor.

joinder therefore is not to destroy diversity but to pursue that strategy. *See* Docket Item 22-1 at 8-9. The Court accepts that plausible—indeed commonsense—explanation as sufficient to show that the plaintiffs' motivation for joining Prohaska is not impermissible. *See, e.g.*, *Jerido*, 2022 WL 17986179, at *7 ("Plaintiff's stated purpose for joinder—to promote judicial efficiency by preventing redundant discovery and witness testimony at two separate trials—is sufficient to outweigh any suspect timing regarding consolidation or joinder." (citation and internal quotation marks omitted)).

In sum, the four fundamental fairness factors weigh in favor of joining Prohaska here, and the Court grants the plaintiffs' motion to join Prohaska as a defendant. And because this Court now lacks subject matter jurisdiction, the case is remanded to New York State Supreme Court, Niagara County. *See* 28 U.S.C. § 1447(e). The Court leaves to the state court the resolution of the Snap-on defendants' renewed motion to dismiss the amended complaint, Docket Item 27, and the plaintiffs' request to join Snap-on Credit as a defendant, Docket Item 22.

## CONCLUSION

For the reasons stated above, the plaintiffs' motion to join Prohaska as a defendant, Docket Item 22, is GRANTED. The Clerk of the Court shall add Nicholas J. Prohaska as a defendant. Because joining Prohaska destroys complete diversity, the plaintiffs' motion to remand also is GRANTED, and the case is REMANDED to New York State Supreme Court, Niagara County. The Clerk of the Court shall close the case.

SO ORDERED.

Dated:   May 22, 2023
         Buffalo, New York


                                      */s/ Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE